George Ronald ROBINSON, Appellant,

v.

STATE of Alaska, Appellee.

No. 1347.

Supreme Court of Alaska.

July 26, 1971.

Herbert D. Soll, Public Defender, Meredith A. Wagstaff, Asst. Public Defender, Anchorage, for appellant.

John E. Havelock, Atty. Gen., Juneau, Seaborn J. Buckalew, Jr., Dist. Atty., Robert L. Eastaugh, Asst. Dist. Atty., Anchorage, for appellee.

Before BONEY, C. J., and DIMOND, RABINOWITZ, CONNOR and ERWIN, JJ.

## OPINION

PER CURIAM.

On October 27, 1969, appellant was indicted for the crime of robbery. In a pretrial motion, appellant requested production of grand jury notes and/or transcript. At the hearing on the motion before Judge Moody, the court indicated that it examined the grand jury minutes which showed only the number of witnesses that were present before the grand jury and there was no transcript of the testimony. The minutes showed that a sufficient vote for a true bill against the defendant, Robinson, had been made. On January 8, 1970, the indictment was dismissed, but subsequently, on February 24, 1970, appellant was reindicted for the same crime of robbery and a second count of robbery with a firearm.

The case was reassigned to a different trial judge, and the appellant asked to renew various motions which had been made before Judge Moody when the case appeared on the first indictment. The court indicated that it did not have the motions in the file, and it is apparent from the record that the court did not know anything about the motions which had been made. The motion for production of grand

jury minutes was not specifically mentioned.

Appellant argues that the court erred in denying his motion for production of grand jury notes or transcript, but we find that this argument ignores the court's finding.[1] Even granting that the proper motion had been made before the second trial judge, it is obvious that if there is no transcription or official record of testimony which could be produced, there can be no error for failure to produce it.[2]

Appellant was indicted on two counts: Count I, robbery; and Count II, use of a firearm in the commission of a felony. At the close of all the evidence at the trial, but before the case went to the jury, appellant moved to dismiss the second count on the basis that Whitton v. State, 479 P.2d 302 (Alaska 1970), required dismissal. *Whitton* provides specifically that only one sentence may constitutionally be imposed on the two counts charged herein, but says nothing about the submission of both counts to the jury. We find no error in this case in submitting both counts to the jury for their consideration.

The decision of the trial court is affirmed.

---

1. Both appellant and appellee acknowledge that there was no testimony recorded at either session of the grand jury which returned an indictment and both focus on the original hearing and ruling as being representative of what would have happened at a hearing under the second indictment. We limit our consideration to that state of the facts.

2. The only specific information available was the name of each testifying witness and these names were endorsed on the indictment as required by Crim.R. 7(c).