George Ronald ROBINSON, Appellant,

v.

STATE of Alaska, Appellee.

No. 1305.

Supreme Court of Alaska.

Oct. 29, 1971.

James D. Gilmore, Asst. Public Defender, Victor D. Carlson, Public Defender, Anchorage, for appellant.

Robert L. Eastaugh, Asst. Dist. Atty., Harold W. Tobey, Dist. Atty., Anchorage, G. Kent Edwards, Atty. Gen., Juneau, for appellee.

OPINION

Before BONEY, C. J., and DIMOND, RABINOWITZ, CONNOR, and ERWIN, JJ.

CONNOR, Justice.

Appellant was found guilty after trial of the crime of robbery and was sentenced to a term of five years. He raises two points on this appeal. First, appellant claims that he was denied due process of law by virtue of the state's failure to record the proceedings before the grand jury which resulted in that body's return of an indictment against him. Second, he argues that the trial court erred in denying his motion to suppress certain evidence.

■ We have recently passed upon appeals similar to the one pressed here in regard to the grand jury issue. In Robinson v. State, 487 P.2d 681 (Alaska 1971), we noted that a trial court's refusal to instruct the state to produce a grand jury tran-

script cannot be deemed prejudicial to the defendant where, in fact, no record had been kept and no transcript had been made of the grand jury proceedings. Likewise, in McKay v. State, Opinion No. 729 (Alaska, October 1, 1971), 489 P.2d 145, we noted that there is no provision in our Criminal Rules requiring that grand jury proceedings be recorded in any manner. There we held that the question of whether the defendant had shown a particularized need to see the records was rendered moot by the absence of any such records.

Appellant concedes that neither the Rules of Criminal Procedure nor the case law of Alaska and other jurisdictions support an attack on the practice of not recording grand jury proceedings. He argues instead that "policy reasons" should lead this court to require recordation.

But appellant has not persuaded us that he suffered injury as the result of the lack of a transcript here. Counsel for appellant vigorously cross-examined the state's witnesses at trial, the same witnesses who appeared before the grand jury and upon whose testimony the indictment was based. No reason, other than the use of a transcript as a possible instrument of impeachment, has been suggested as to how appellant's attack on the indictment or his cross-examination of these witnesses would have been strengthened had a transcript of the grand jury proceedings been available. We do not think that the absence of material, not wilfully withheld or destroyed, which might potentially have been of impeaching value, amounts to a denial of due process of law. Further, the state has justifiably placed reliance on the present system. We would be unfairly penalizing the state were we to overturn appellant's conviction solely on the ground that generalized policy reasons support the keeping of grand jury records as a good practice. We decline to do so.[1]

Appellant's second point is that the court erred in denying his motion to suppress certain evidence which was seized by an officer of the Anchorage Police Department. We have concluded that the seizure of this evidence—a pair of pants and its contents—was proper.

■ A brief narration of how the officer came into possession of the pants will make plain that this evidence was validly acquired. Four armed men robbed the True Alaska Jewelry Store in Anchorage, Alaska, early in the evening of December 2, 1969. Shortly thereafter Officer Strickland of the Anchorage Police Department was dispatched to observe a two-story apartment building at 12th and Eagle Streets. He saw appellant, wearing a dark jacket and light pants, drive up to and enter the building. At a later point Officer Strickland, and other investigators who had arrived on the scene, saw appellant outside the building, now dressed in a dark jacket and dark pants.

Still later, Officer Strickland walked along a semi-public walkway next to the building. The walkway is a dirt path which begins on the main street, goes between the apartment building and another smaller structure, and ends at an alley in back of the apartment building. It is not shown that appellant had any control over or possessory interest in the walkway, either directly or as a guest of any apartment house occupant. On a small ledge extending from the building, about five

1. Concurrently with this opinion we are promulgating a revision of Rule 6, Rules of Criminal Procedure, which provides for recordation of grand jury proceedings, including testimony of witnesses. The new rule will also provide for making available to the defendant the recorded proceedings and testimony.

Under this new rule it will not be necessary, as it was in the past, for the defendant to show particularized need for access to the materials reflecting the grand jury proceedings.

feet off the ground, Officer Strickland saw a pair of light-colored pants, tied at the legs and around the waist. After taking the pants into his custody, he found evidence—a large quantity of currency bulging from a pocket, and a billfold— which served to incriminate appellant.

No breach of privacy is shown in this case. No intrusion upon property in which appellant could, directly or derivatively, claim an interest is shown. The officer merely took possession of evidence which was in plain view and in a place where the officer had a right to be. The seizure of the pants was valid. Pope v. State, 478 P. 2d 801 (Alaska 1970); People v. Terry, 70 Cal.2d 410, 454 P.2d 36 (1969).

Affirmed.