Horace Melvin **BOWIE**, Appellant,

v.

**STATE of Alaska, Appellee.**

No. 1422.

Supreme Court of Alaska.

March 13, 1972.

Herbert D. Soll, Public Defender, Meredith A. Wagstaff, Asst. Public Defender, Anchorage, for appellant.

John E. Havelock, Atty. Gen., Juneau, Seaborn J. Buckalew, Jr., Dist. Atty., Charles M. Merriner, Asst. Dist. Atty., Anchorage, for appellee.

Before BONEY, C. J., and RABINO-WITZ, CONNOR and ERWIN, JJ.

OPINION

ERWIN, Justice.

On December 24, 1969, three young men, George Ronald Robinson, Benjamin Smith, and appellant, Melvin Bowie, entered the Hilltop Cut Rate Store on Government Hill in Anchorage; the store was then full with customers. One of the men, Robinson, leaped over the counter and pounded on the cash register, demanding that it be opened and the deposited money given to him.

Fortunately for the store's owners, but unfortunately for the would-be bandits, Ronald Dobson, the son of the proprietors, had come home from medical school for the Christmas holidays and was stationed at his post beside the cash register when Robinson leaped over the counter. When Robinson demanded that he open the cash register, Ronald steeled himself, reached toward the depository, but grabbed instead a canister of a product called "On Guard". As Ronald later testified, "On Guard" releases a chemical spray irritant containing, among other things, camphor benzoid, a lacrimator, which causes the eyes to sting and water profusely. Ronald whirled, sprayed Robinson in the face, and turned to spray appellant Bowie, who, accompanied by Smith, had begun to move quickly toward the store's exit. Robinson then jumped back across the counter and tried to run out the door; however, he was pursued by the relentless medical student who grabbed him from behind and, with the as-

sistance of several customers, subdued him. Although Robinson told the other two men to "get the hell back and help him", his pleas went unanswered. Smith and Bowie, ignoring the car that had been left beside the store with its engine running, traveled very rapidly down the street on foot and were last seen jumping over a fence bordering a nearby Dairy Queen.

Bowie's participation in the robbery was passive; he remained throughout on the customer side of the counter. Although he testified that he did not participate in the robbery and did not know that one was planned until Robinson jumped over the counter, several state witnesses testified that Bowie told customers in the store that a robbery was in progress. No weapons were displayed at any time.

Robinson plead guilty and was sentenced to five years imprisonment. Smith was not charged. Appellant Bowie plead not guilty to a charge of attempted robbery, his single defense being that he did not know about or intend to participate in the robbery and thus did not have the requisite criminal intent. However, the jury returned a guilty verdict and Bowie was sentenced to a term of five years in prison.

Appellant has asserted three separate errors in the proceedings below: (1) that the lower court abused its discretion in denying his motion for a protective order prohibiting the state from introducing impeachment evidence of two previous convictions; (2) that he was denied due process of law by the failure of the state to transcribe the grand jury proceedings and make the transcription available to defense counsel; and (3) that the sentence imposed is excessive. Each of these issues can be disposed of summarily.

In Griggs v. State, 494 P.2d 795 (Alaska, March 13, 1972), we reaffirmed the general discretion of a trial court to permit impeachment of a criminal defendant's testimony by admitting evidence of prior convictions. That decision is controlling here.[1]

In Robinson v. State, 489 P.2d 1271 (Alaska 1971), we held that it is not a denial of due process to fail to transcribe grand jury proceedings. This holding is, of course, dispositive of appellant's second specification of error.[2]

In previous sentence appeals we have examined the sentence imposed to determine if it is within the "zone of reasonableness".[3] In this case appellant has had two prior felony convictions, one in 1966 for passing a forged check and one in 1967 for larceny from a building. The larceny occurred while appellant was out on probation for the forged check conviction; the attempted robbery herein occurred while he was on parole for the larceny conviction. The five-year sentence[4] imposed below is clearly not without the zone of reasonableness. Less stern measures have proven unsuccessful.

The judgment and commitment of the trial court is affirmed.

RABINOWITZ, Justice (concurring).

In Spaulding v. State, 481 P.2d 389, 393 (Alaska 1971), we said that our trial courts have discretion to exclude evidence

---

1. The convictions introduced to impeach Bowie were neither remote in time (1966 and 1967), cf. Spaulding v. State, 481 P. 2d 389, 393 (Alaska 1971), nor for crimes (forgery and larceny) identical to the one now charged. Cf. Parish v. State, 477 P.2d 1005, 1010–1014 (Alaska 1970) (Boney & Rabinowitz, JJ., dissenting).

2. After *Robinson* was decided, Alaska R. Crim.P. 6 was amended, effective October 31, 1971, to require recordation of grand jury proceedings and to make a transcript thereof available to defense counsel on request.

3. Nickerson v. State, 492 P.2d 118 (Alaska, December 30, 1971); Waters v. State, 483 P.2d 199, 202 (Alaska 1971); Gilmore v. State, 479 P.2d 301, 302 (Alaska 1971).

4. The crime of attempted robbery carries a maximum possible sentence of seven and one-half years. AS 11.15.240; AS 11.05.-020. Because appellant had previous felony convictions, he could have been sentenced to a maximum of thirty years. AS 12.55.050(2).

of prior convictions and in making such determinations should weigh the probative value of such evidence against its prejudicial effect. Unlike the situation in Griggs v. State, 494 P.2d 795 (Alaska 1972), where the prior convictions were for crimes which were similar to the offense charged, Bowie's two prior convictions were for offenses which were dissimilar to the crime of attempted robbery. *Griggs* is also distinguishable in that here the state presented an extremely strong case against Bowie. Further, Bowie testified on direct examination that he did not participate in the attempted robbery, had no intent to commit robbery, and that he fled the store premises because he was on parole at the time from a conviction of burglary in a dwelling, and did not want to get into trouble with the parole authorities. In light of the quantum of the state's evidence and the fact that Bowie's prior conviction of a crime was a cornerstone in his defense to the charge of attempted robbery, the state's cross-examination of Bowie which elicited the fact that he also had a prior forgery conviction was not prejudicial error. Love v. State, 457 P.2d 622 (Alaska 1969). I therefore agree with the court's disposition of the protective order issue and all other issues raised in this appeal.