Vance **HOLLOWAY**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. 2377.

Supreme Court of Alaska.

May 19, 1975.

Mark E. Ashburn, Asst. Public Defender, Fairbanks, Herbert D. Soll, Public Defender, Anchorage, for appellant.

David Mannheimer, Asst. Dist. Atty., Harry L. Davis, Acting Dist. Atty., Fairbanks, Avrum Gross, Atty. Gen., Juneau, for appellee.

.OPINION

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and BURKE, JJ.

RABINOWITZ, Chief Justice.

A robbery indictment was returned against Vance Holloway in which it was charged that "David Nickels and Vance Holloway did . . . by force and violence and by putting Floyd Swanson in fear by beating him about the head and body" take $300 from the person of Floyd Swanson.[1] Upon his plea of guilty to this charge, Holloway was sentenced to five years' imprisonment with credit for time already served and eligibility for parole to be determined by the parole board in its discretion. Holloway thereafter brought this sentence appeal in which he asserts that the sentence imposed by the superior court is excessive.[2] Here appellant argues that the superior court was clearly mistaken in imposing the sentence that it did and that "an appropriate sentence would be one that provides for an 18 month to 24 month period of incarceration." [3]

Appellant Holloway and co-defendant Nickels were, in May of 1974, soldiers stationed at Fort Wainwright. Both were drinking in various downtown Fairbanks bars and during the course of their travels they met an "old" man named Swanson, who was "flashing" a sizeable roll of money. After ingratiating themselves with

---

1. AS 11.15.240, Alaska's robbery statute, provides that:

    A person who, by force or violence, or by putting in fear, steals and takes anything of value from the person of another is guilty of robbery, and is punishable by imprisonment in the penitentiary for not more than 15 years nor less than one year.

2. In 1969, the Alaska Legislature provided for appellate review of lawful sentences. *See* AS 12.55.120; State v. Chaney, 477 P.2d 441 (Alaska 1970).

3. The clearly mistaken standard of review was established in State v. Chaney, 477 P.2d 441, 444 (Alaska 1970), and Nicholas v. State, 477 P.2d 447 (Alaska 1970). In the latter case, we said in part:

    But respect for the discretion of the trial judge will not prevent this court from making our own examination of the record and we will modify the sentence if we are convinced that the sentencing court was clearly mistaken in imposing the sanction it did. 477 P.2d at 449 (footnote omitted).

Swanson, Holloway and Nickels got into a car with Swanson, ostensibly to go to another bar, but stopped by the side of the road to urinate before reaching their destination. Holloway then struck Swanson three or four times in the face. When Swanson still remained upright, Nickels hit him in the head with a full beer can. Holloway then put a choke hold on Swanson while Nickels proceeded to strike and kick him. At one point Swanson was bleeding profusely from the ear.[4] Holloway and Nickels ended their brief encounter with Swanson by relieving the latter of approximately $300 and leaving him by the side of the road.[5]

Appellant Holloway was 26 years old at the time the robbery in question took place. Born in Mississippi, Holloway completed the 10th grade before getting married at age 16. Holloway entered the United States Army in 1972. While several character witnesses spoke of his good soldiering record, his generally quiet personality and his not being a troublemaker, Holloway's military record includes five separate Article 15 disciplinary proceedings (for assault with a knife, drunk and disorderly, drunk on duty, and disobeying a lawful order)[6]

Holloway's prior record includes two 1969 convictions in Mississippi. In one instance, he broke and entered a jewelry store and stole four diamond rings valued at $800. In the other case, Holloway burglarized a service station and stole approximately 11 cartons of cigarettes. Holloway entered guilty pleas to both charges and was sentenced to three years suspended and two years probation on condition of serving 30 days.

In imposing a five year sentence, the trial judge remarked that neither Holloway nor Nickels could be characterized as coming within the "worst type of offender" category.[7] Therefore, the trial judge concluded that the statutory maximum of 15 years' imprisonment for robbery was not warranted. However, Judge Carlson did state:

> I do find this to be the worst type of offense, included within the crime of robbery, because it was a beating, taking of the property and leaving the victim to whatever happened to the victim.

Judge Carlson also found a "great capacity for violence" in both Holloway and Nickels, and that their consumption of alcohol on the evening in question did not excuse their violence. In the trial judge's view, the sentence imposed was necessary to deter Holloway from commission of future crimes, as well as for purposes of general deterrence.[8]

Guided by the "clearly mistaken" standard of review, we are not persuaded that the five year sentence given to Holloway was excessive.[9] Review of the record

---

4. There is also evidence, developed at the sentencing hearing, that Holloway kicked Swanson in the area of Swanson's groin. On the other hand, Nickels testified that "I wanted to get the tire iron and finish him off, but Holloway wouldn't let me".

5. Swanson was picked up by a passer-by and taken to a hospital where he spent several days in intensive care.

6. Holloway's battery commander acknowledged that, although Holloway was a good worker, he was probably also an alcoholic.

7. This court has previously held that the maximum sentence for a particular crime should generally be imposed only on the worst type of offenders within a legislatively designated class. Waters v. State, 483 P.2d 199, 201 (Alaska 1971).

8. The trial judge noted that Holloway would be eligible for parole, work release, and rehabilitation programs, and said that the sentencing hearing, "including the testimony of the sergeants, who were very helpful to you" would be transcribed and submitted to the parole board.

9. Compare the following sentence appeal decisions involving the crimes of robbery and attempted robbery: Roehl v. State, 521 P.2d 1240 (Alaska 1974); Hixon v. State, 508 P.2d 526 (Alaska 1973); Hawthorne v. State, 501 P.2d 155 (Alaska 1972); Bowie v. State, 494 P.2d 800 (Alaska 1972); Robinson v. State, 492 P.2d 106 (Alaska 1971); Robinson v. State, 484 P.2d 686 (Alaska 1971).

demonstrates that the superior court conducted extremely thorough sentencing proceedings in which the goals of penal administration, enunciated in *Chaney* [10] and its progeny, were adhered to by Judge Carlson in fashioning Holloway's sentence.

Given the extremely violent nature of the robbery in the instant case, Holloway's age, and Holloway's past record, we affirm the superior court's sentence of five years' imprisonment.

Affirmed.

10. State v. Chaney, 477 P.2d 441, 443–44 (Alaska 1970). In *Chaney*, we said that ". . . the nature of the crime, the defendant's character, and the need for protecting the public" are relevant factors in carrying out sentence review jurisdiction. In *Chaney*, we also said:

> Multiple goals are encompassed within these broad constitutional standards. Within the ambit of this constitutional phraseology are found the objectives of rehabilitation of the offender into a noncriminal member of society, isolation of the offender from society to prevent criminal conduct during the period of confinement, deterrence of the offender himself after his release from confinement or other penological treatment, as well as deterrence of other members of the community who might possess tendencies toward criminal conduct similar to that of the offender, and community condemnation of the individual offender, or in other words, reaffirmation of societal norms for the purpose of maintaining respect for the norms themselves.

477 P.2d at 444 (footnote omitted).