**STATE of Alaska, Appellant,**

v.

**Teddy Moses WASSILIE, Appellee.**

**No. 3691.**

Supreme Court of Alaska.

May 19, 1978.

---

Victor C. Krumm, Dist. Atty., Bethel and Avrum M. Gross, Atty. Gen., Juneau, for appellant.

Allen Beiswenger and James Plasman, Asst. Public Defenders, Bethel and Brian Shortell, Public Defender, Anchorage, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

RABINOWITZ, Justice.

In April 1977, a three count indictment was returned against Teddy M. Wassilie in which he was charged with the felony crimes of assault with a dangerous weapon, forcible rape, and assault with intent to commit rape.[1] After trial by jury, Wassilie was found guilty on each of the three counts and was subsequently sentenced to serve 3 years with 18 months suspended on

---

1. AS 11.15.220 provides:

A person armed with a dangerous weapon, who assaults another with the weapon, is punishable by imprisonment in the penitentiary for not more than 10 years nor less than six months, or by imprisonment in jail for not more than one year nor less than one month, or by a fine of not more than $1,000 nor less than $100.

AS 11.15.120 provides, in part:

A person who . . . has carnal knowledge of a female person, forcibly and against her will . . . is guilty of rape.

Concerning the punishment for rape, AS 11.15.-130(c) states that the crime is "punishable by imprisonment in the penitentiary for not more than 20 years nor less than one year."

AS 11.15.160 states:

A person who assaults another with intent to kill, or to commit rape or robbery upon the person assaulted, is punishable by imprisonment in the penitentiary for not more than 15 years nor less than one year.

the Assault with A Dangerous Weapon count; 4 years with 30 months suspended on the Assault with Intent to Rape count; and 8 years with 6½ years suspended on the Rape count. The sentences imposed on the separate counts were to run concurrently. The superior court's judgment and commitment also contained the following provision:

> "IT IS FURTHER ORDERED that the defendant *not* be eligible for parole during the period he is actually to serve." (emphasis in original)

■ The state has brought this appeal from the sentence imposed on the ground that the superior court's sentence was too lenient. In Alaska the prosecution is permitted by statute to initiate this type of sentence appeal.[2] In the context of a sentence appeal by the state, we are limited to the expression of approval or disapproval of the particular sentence.[3]

■ The circumstances of the rape and accompanying offenses are as follows: In the early morning hours of April 14, 1977, Anastasia Stiles, age 20, was asleep in a freezer van that had been converted into living quarters when she was awakened by knocks on the inner door of her dwelling. She opened the door and Wassilie entered, indicating he wanted to visit.[4] Stiles responded that it was too late for visitors, but Wassilie insisted he did not have to leave. Wassilie proceeded to make sexual advances which Stiles resisted. As Wassilie's sexual advances intensified, Stiles ran to the door to escape but was prevented by her assailant. Wassilie then grabbed Stiles and placed a hunting knife at her throat, threatening her with death.[5]

Eventually Wassilie forced Stiles onto the mattress and proceeded to rip her blouse off, as well as her brassiere. During the struggle Stiles grabbed a hammer and struck Wassilie on the head. After overpowering Stiles, Wassilie raped her and forced her to perform an act of fellatio. Subsequently, Wassilie raped Stiles a second time. When Wassile fell asleep Stiles escaped, locking Wassilie inside her living quarters. She then had a cab driver call the police.[6]

Our previous decisions have emphasized that forcible rape ranks among the most serious of crimes.[7] In *Newsom v. State,* 533 P.2d 904, 911 n. 9 (Alaska 1975), we said that acts on the part of an accused which constitute forcible rape amount "to a desecration of the victim's person which is a vital part of her sanctity and dignity as a human being." In regard to the seriousness of the crime of rape, we are in agreement with the following observations of Justice White:

> It is highly reprehensible, both in a moral sense and in its almost total contempt for the personal integrity and autonomy of the female victim and for the latter's privilege of choosing those with whom

---

**2.** AS 12.55.120(b) provides:

A sentence of imprisonment lawfully imposed by the superior court may be appealed to the supreme court by the state on the ground that the sentence is too lenient; however, when a sentence is appealed by the state and the defendant has not appealed the sentence, the court is not authorized to increase the sentence but may express its approval or disapproval of the sentence and its reasons in a written opinion.

**3.** *Id.*

**4.** Wassilie had little prior contact with Stiles, and there was no romantic involvement between them.

**5.** Stiles' screams for help went unanswered. When Wassilie placed his hunting knife at Stiles' throat, she told him that she would do what he wanted if he put the knife away. Wassilie placed the knife back in the sheath, at which point Stiles grabbed it and threw it away. Wassilie then said that if Stiles would return the knife he would leave. Using a candle, Stiles located the knife and returned it to Wassilie who again threatened her with death.

**6.** A period of nearly three hours elapsed from the time Wassilie first knocked on the door until Stiles managed to escape.

**7.** *Bordewick v. State,* 569 P.2d 184, 186 (Alaska 1977); *State v. Lancaster,* 550 P.2d 1257, 1260 (Alaska 1976); *Newsom v. State,* 533 P.2d 904, 911 (Alaska 1975). *See also Ames v. State,* 533 P.2d 246 (Alaska 1975); *Torres v. State,* 521 P.2d 386 (Alaska 1974); and *Gordon v. State,* 501 P.2d 772 (Alaska 1972).

intimate relationships are to be established. Short of homicide, it is the 'ultimate violation of self.' It is also a violent crime because it normally involves force, or the threat of force or intimidation, to overcome the will and the capacity of the victim to resist. Rape is very often accompanied by physical injury to the female and can also inflict mental and psychological damage. Because it undermines the community's sense of security, there is public injury as well.[8] (footnotes omitted)

The factual context of the crimes in question demonstrates that all of the components which go to make the offense of forcible rape a "highly reprehensible" crime are present in the case at bar. Here the 20-year-old victim was alone and asleep in her converted freezer van. The record is clear that she neither invited Wassilie into her living quarters nor did she in any manner willingly consent to his actions. The prosecution proved that Wassilie violently attacked the victim, threatened her at knife point, ripped off her clothes, forcibly raped the victim twice, and in the victim's own words, forced her to engage in a "sickening" act of fellatio.[9]

■ We have focused upon the circumstances of these grave crimes and their impact upon the victim because we have determined that one facet of the superior court's sentence is too lenient.[10] We have concluded that the sentencing court was clearly mistaken in determining that a total term of 18 months incarceration was appropriate. When considered in light of the particular factual circumstances of this case, we think the superior court's sentence fails to reflect the gravity of Wassilie's criminal conduct. More particularly, we believe that a term of 18 months incarceration for the felonies in question does not meet the goal of

effectuating . . . community condemnation, or the reaffirmation of societal norms for the purpose of maintaining respect for the norms themselves.[11]

■ On the other hand, we are of the view that the superior court was not overly lenient in setting concurrent terms of imprisonment at 8 years for the crime of forcible rape, 4 years for the assault with intent to commit rape, and 3 years in regard to the assault with a dangerous weapon offense, for it is clear from the nature of the crimes and the particular facts surrounding Wassilie's commission of these grave crimes that the need to protect the public and to deter Wassilie from committing similar acts in the future calls for a significant period of supervised probation

8. *Coker v. Georgia,* 433 U.S. 584, 597, 97 S.Ct. 2861, 2868, 53 L.Ed.2d 982, 992–93 (1977).

9. Wassilie, age 22, resides in the small Eskimo village of Napakiak, which is located a few miles downriver on the Kuskokwim River from Bethel. Wassilie had come from Napakiak to Bethel the evening before the events in question for the purpose of cabling some money to his brother. After he had cabled the money, he purchased some bottles of whiskey and consumed so much that he claims he began blacking out.

In his statement contained in the presentence report, Wassilie related, in part:
I drink with my friend and late on I did go home by sno-go. I crash couple of time. So I went back to Bethel. I park my sno-go down at river bank by Faukner place. I went back to I.C.P. (Ice Cream Parlor) stay there. I was going to stay there till it's day light. But some part I know, but I don't know how I got in to that Freezer van # 2. All I know is when I got hit on my head. I thought I got

it when I fall down by Faukner place at river bank. I know is when cop wake me up.

10. When the government appeals from a sentence on the ground that it is too lenient, we may express our disapproval of the sentence on such ground only if we are convinced that the sentencing court was clearly mistaken. *Davenport v. State,* 568 P.2d 939, 951 (Alaska 1977); *State v. Chaney,* 477 P.2d 441, 442–44 (Alaska 1970).

11. *State v. Chaney,* 477 P.2d 441, 447 (Alaska 1970). In addition to these sentencing goals, we have oft-times stated that the sentencing court should consider rehabilitation of the offender, isolation of the offender in order to protect the public and deterrence of the offender and other members of the community who might possess similar criminal tendencies. *See e. g., Salazar v. State,* 562 P.2d 694, 696 (Alaska 1977); *Andrews v. State,* 552 P.2d 150, 152 n. 7 (Alaska 1976); *Waters v. State,* 483 P.2d 199, 202 (Alaska 1971); *State v. Chaney,* 477 P.2d 441, 444 (Alaska 1970).

after Wassilie has served an appropriate period of imprisonment.[12] Where we think the superior court was clearly mistaken is in that portion of the sentence which suspended all but 18 months imprisonment of the concurrent sentences it imposed. In our view, a sentence of 18 months imprisonment is too lenient when due consideration is given to the gravity of the offenses and the particular facts of the case at bar. A somewhat longer period of actual incarceration would serve to

> unequivocally bring home to . . . [the defendant] the serious nature and consequences of his crime, and would reaffirm society's condemnation of violent and forcible rape.[13] (footnotes omitted)

That portion of the superior court's judgment and commitment which provides for imprisonment for 18 months is disapproved as being too lenient.

CONNOR, Justice, with whom BOOCHEVER, Chief Justice, joins, dissenting in part.

From my reading of the record, it appears that the trial judge was trying to fashion a sentence which would allow the defendant's rehabilitative potential to be realized. The court believed that too lengthy a sentence would be counterproductive in terms of rehabilitation.

After his imprisonment, the defendant will still have a lengthy period on probation. Although, as in so many of these cases, it is a close question, I do not believe that the trial judge was clearly mistaken in imposing this sentence.

---

12. These offenses are Wassilie's first felony convictions. There is an indication in the record that in the past Wassilie has had a drinking problem.

