**Herbert AHVIK, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 4556.

Supreme Court of Alaska.

July 11, 1980.

---

was frightened and did as she was told. Ahvik raped her. When he was done he said he was sorry, but told her he would beat her up if she told anyone.

Ahvik is an Eskimo laborer with a seventh-grade education. He has difficulty speaking English. At the time of the crime he was eighteen and unemployed. Ahvik was abandoned by his mother, and his father died when he was fourteen. Both parents were alcoholics. He was raised by various relatives, including a sister in Anaktuvuk Pass and his grandparents. The probation officer's report indicates that he had some problems as a minor in need of supervision, but that there is no record of prior offenses. He has had some involvement with alcohol and drugs. He has never been married or in the military.

Dr. Harold Smith, a psychiatrist, interviewed Ahvik and concluded that he appeared "uneducated, untrained, [and] unsocialized." He stated:

Dennis D. Kelso, Asst. Public Defender, Fairbanks, and Brian Shortell, Public Defender, Anchorage, for appellant.

Sue Delbert, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

OPINION

BOOCHEVER, Justice.

Herbert Ahvik appeals his sentence for forcibly raping his 15-year-old niece in violation of AS 11.15.120(a).[1]

The rape occurred during the afternoon of July 21, 1978, in Barrow, Alaska. The defendant walked unannounced into a house belonging to his half-sister, Mary. He woke up Mary's daughter, C., and asked her if she wanted to get "stoned." C. refused, and Ahvik then told her he was going to rape her. Ahvik himself had been either drinking or smoking marijuana. He pulled her hair, slapped her several times, and ordered her to take off her pants. C.

> Generally speaking, I feel that his prognosis might be somewhat better than the average man his age convicted of a similar offense, if only for the reason that the average offender would be more likely to have had the advantages of a less deprived background, a more normal upbringing, opportunities for social learning, education, etc.

We have emphasized in our prior decisions that rape is among the most serious felonies. It amounts to "a desecration of the victim's person which is a vital part of her sanctity and dignity as a human being." Newsom v. State, 533 P.2d 904, 911 (Alaska 1975).[2] Nevertheless, while conceding the seriousness of the crime, we conclude that under the circumstances the trial court's imposition of a five-year sentence was excessive and failed to adequately consider the goal of rehabilitation of the offender.

1. At the time of the offense, AS 11.15.120(a) provided:

Rape. (a) A person who (1) has carnal knowledge of another person, forcibly and against the will of the other person, or (2) being 16 years of age or older, carnally

knows and abuses a person under 16 years of age, is guilty of rape.

2. See Holden v. State, 602 P.2d 452, 459 (Alaska 1979); State v. Wassilie, 578 P.2d 971, 973–74 (Alaska 1978); Bordewick v. State, 569 P.2d 184, 186 (Alaska 1977).

This is not a case in which an offender has assaulted an unknown victim.[3] While we in no way condone Ahvik's conduct, it was not of the brutal type likely to result in severe psychological or physical aftereffects, and, in fact, the victim has not shown such results from the rape.

With regard to rehabilitation, the trial court said only that "it may be a little early to tell in your case . . . whether or not you are going to rehabilitate yourself into a successful member of society." We have reversed or remanded several cases in which the trial court did not adequately consider the possibility that an offender might be rehabilitated.[4]

Ahvik is a youthful offender with no prior criminal record. He comes from a disadvantaged background with a history of alcoholism. He apparently accepts responsibility for his crime and seems presently to be making efforts to improve himself by, among other things, attempting to complete a high school equivalency program. The psychiatrist's report indicates that Ahvik's prognosis for rehabilitation is good. As one commentator has noted, "The possibility of significant character and behavioral changes in young adults from ages 18 to 25 is a recognized phenomenon."[5]

■ We do not believe Ahvik should be placed with hardened criminals, as this is likely to reinforce any criminal tendencies he may already have. We believe that the sentence should include a recommendation that Ahvik be placed in a facility such as the Palmer Correctional Center, where there is an emphasis on rehabilitation programs. The classification requirements issued by the Alaska Department of Health and Social Services, Division of Corrections, for placement in the Palmer facility specify: "Due to the uniqueness of the facility, prisoners must be within three years of their mandatory release date."[6] Our conclusion is that Ahvik should not receive a sentence of more than five years with two suspended.

This case is accordingly REMANDED for resentencing.

BURKE, J., joined by MATTHEWS, J., dissents.

BURKE, Justice, dissenting, with whom MATTHEWS, Justice, joins.

I dissent. The record in this case fails to convince me that the superior court was clearly mistaken in imposing a five year term of imprisonment. Thus, in keeping with our established standard of review in such matters, I would affirm the court's sentence.[1]

While giving lip service to the "seriousness of the crime," the majority, in my opinion, places undue emphasis on a single factor: rehabilitation of the offender. Virtually ignored is the need for a sentence "effectuating the goal of community condemnation, or the reaffirmation of societal norms for the purpose of maintaining respect for the norms themselves." *State v. Chaney*, 477 P.2d 441, 447 (Alaska 1970).[2]

---

3. In fact, the victim's family apparently does not bear any ill will toward Ahvik, and the victim's mother has indicated that Ahvik would be allowed to visit her home.

4. *Husted v. State*, 608 P.2d 298 (Alaska 1980); *Padie v. State*, 594 P.2d 50 (Alaska 1979); *Andrews v. State*, 552 P.2d 150 (Alaska 1976); *Christian v. State*, 513 P.2d 664 (Alaska 1973); *Mattern v. State*, 500 P.2d 228 (Alaska 1972).

5. Erwin, *Five Years of Sentence Review in Alaska*, 5 U.C.L.A.–Alaska L.Rev. 1, 18 (1975).

6. Alaska Department of Health & Social Services, Division of Corrections, Classification Requirements for SCC/Palmer Population, Section # 410, page 3.

1. In *State v. Chaney*, 477 P.2d 441 (Alaska 1970), this court said:
 Sentencing is a discretionary judicial function. When a sentence is appealed, we will make our own examination of the record and will modify the sentence if we are convinced that the sentencing court was clearly mistaken in imposing the sanction it did.
 477 P.2d at 443–44 (footnote omitted). *See McClain v. State*, 519 P.2d 811 (Alaska 1974) ("clearly mistaken test" adopted as exclusive standard for review of sentence appeals).

2. In *State v. Wassilie*, 578 P.2d 971 (Alaska 1978), we quoted with approval the following statement by Mr. Justice White:
 [Rape] is highly reprehensible, both in a moral sense and in its almost total contempt for

The trial judge, on the other hand, made a valiant effort "to determine the priority and relationship" of the various factors that should be considered in sentencing. *McClain v. State*, 519 P.2d 811, 813 (Alaska 1974).[3] I am unable to say that his decision was clearly wrong. *Id.*

---

the personal integrity and autonomy of the female victim and for the latter's privilege of choosing those with whom intimate relationships are to be established. Short of homicide, it is the "ultimate violation of self." It is also a violent crime because it normally involves force or the threat of force or intimidation, to overcome the will and capacity of the victim to resist. Rape is very often accompanied by physical injury to the female and can also inflict mental and psychological damage. Because it undermines the community's sense of security, there is public injury as well.

578 P.2d at 973–74, *quoting Coker v. Georgia*, 433 U.S. 584, 597, 97 S.Ct. 2861, 2868, 53 L.Ed.2d 982, 992–93 (1977).

**3.** Ironically, the trial judge himself gave careful consideration to the very factors used by the

majority to justify its decision that part of the sentence should be suspended, stating:

> [The sentence] might be a little—it might not be severe enough, but because of your age, the fact that the victim in this case was not seriously injured, the fact that apparently the victim in this particular case . . . bears no . . . ill will, ill feeling or has any physical or emotional problems at the present time, the court feels that five years is appropriate . . . and if it were any other kind of an offense, because of your age and your lack of a prior record, the court might very well be inclined to give you a suspended imposition of sentence or certainly at least suspend a portion of this, but because it is a violent type crime, the court cannot in good conscience do that.