**James EDENSHAW, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 5239.**

Court of Appeals of Alaska.

Feb. 19, 1981.

James L. Bruce, Asst. Public Defender, Ketchikan, and Brian Shortell, Public Defender, Anchorage, for appellant.

Victor C. Krumm, Dist. Atty., Ketchikan, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

PER CURIAM.

James Edenshaw pleaded guilty to the rape of 10-year-old S.K.B. in a Ketchikan hotel in August 1979, and was sentenced to seven years' incarceration with no restrictions on parole eligibility. The trial judge recommended that Edenshaw be assigned to Eagle River because of the availability there of programs for those with alcohol problems. Edenshaw appeals the sentence as excessive.

### THE OFFENDER

Edenshaw is a 22-year-old Alaskan native from a broken home. He has a 10th grade education and has worked sporadically around Klawock, a village on Prince of Wales Island. Prior to the instant conviction, his criminal record consisted of several petty offenses, one of which was an assault and battery. Edenshaw acknowledges an alcohol problem, which he says has been exacerbated by his unemployment.

### THE OFFENSE

Edenshaw, who was partying in a room in a Ketchikan hotel, exited the room through an open window, crawled along the outside ledge to a nearby room where S.K.B., a stranger, was sleeping. He woke her and

requested that she have sexual intercourse with him. She said that Edenshaw threatened to kill her and told her that he had seen her the previous day and had followed her to the hotel. Although she tried to dissuade him, Edenshaw eventually raped her twice. S.K.B.'s parents returned during the second rape, resulting in Edenshaw's apprehension. Edenshaw said that he was in an alcoholic blackout at the time and remembered nothing of the offense.

Edenshaw was initially charged with rape, committing a lewd and lascivious act on a minor, and burglary in a dwelling. The latter two charges were dropped after he was sentenced on the rape charge.

## THE SENTENCE

The sentence imposed was not "clearly mistaken."[1] The crime of rape of a person under 16 years by a person 19 years or older is a very serious one, made punishable by former A.S. 11.15.130(a)[2] by "any term of years"; the recommended five year maximum of *Donlun v. State*, 527 P.2d 472, 475 (Alaska 1974), is therefore not applicable.[3] The trial judge considered rehabilitation in fashioning the sentence; in his sentencing remarks he expressed his belief that Edenshaw needed close supervision for successful rehabilitation and that he would not receive that on probation. Moreover, the judge had the discretion to give differ-

ent weights to different *Chaney* criteria.[4] *Asitonia v. State*, 508 P.2d 1023, 1026 (Alaska 1973).

This case clearly differs from *Ahvik v. State*, 613 P.2d 1252 (Alaska 1980), in which a three member majority of the Supreme Court found excessive a five-year sentence given to Ahvik, a first offender, for the forcible rape of his 15-year-old niece. The *Ahvik* majority explained:

> This is not a case in which an offender has assaulted an unknown victim. While we in no way condone Ahvik's conduct, it was not of the brutal type likely to result in severe psychological or physical aftereffects, and, in fact, the victim has not shown such results from the rape.

*Id.* at 1254 (footnote omitted). The instant case involves the premeditated but unprovoked forcible rape of an unknown victim, 10-years-old, and we certainly cannot say on the basis of this record that the rape of a 10-year-old is not likely to result in severe psychological aftereffects.[5]

We thus AFFIRM the sentence.

1. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974). *See, Mallott v. State*, 608 P.2d 737, 752–753 (Alaska 1980) (A 46-year-old man raped a 4-year-old girl while under the influence of alcohol. He had no prior offenses against persons, held: 30 years, with 15 suspended, not excessive).

2. Former A.S. 11.15.130(a) states in full:
   *Punishment for rape.* (a) A person 19 years of age or older convicted of rape upon his daughter or sister, or upon a female person under 16 years of age, is punishable by imprisonment in the penitentiary for any term of years.
   Because the rape occurred prior to January 1, 1980, it is not subject to the provisions of Alaska's new criminal code.

3. In *Donlun*, the Supreme Court adopted the recommendation found in Sec. 2.1 of the American Bar Association's Standards on Sentencing Alternatives and Procedures (Approved Draft

1968), that "except for cases involving *particularly* serious offenses, dangerous offenders and professional criminals, maximum prison terms ought not to exceed five years." 527 P.2d at 475 (emphasis in original). (*Cf., Mallott, supra*, n.1, 608 P.2d at 758, n.23 and accompanying text, and the concurring and dissenting opinion of Rabinowitz, J.)

4. *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1971).

5. We also note that Ahvik was 18 and his victim 15 at the time of his offense while Edenshaw was 22 and his victim 10. Former A.S. 11.15.130 provided a maximum sentence of 20 years for Ahvik but "any term of years" for Edenshaw because of their respective ages and the ages of their victims. *See*, n.2 *supra*. We believe this distinction supports disparate treatment for Ahvik and Edenshaw.