Lawrence P. KOMPKOFF, Appellant,

v.

STATE of Alaska, Appellee.

No. 5324.

Court of Appeals of Alaska.

April 23, 1981.

Dana Fabe, Asst. Public Defender, Brian C. Shortell, Public Defender, Anchorage, for appellant.

Laurie Helen Otto, Asst. Dist. Atty., Larry Weeks, Dist. Atty., Anchorage, and Wilson Condon, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

PER CURIAM.

Lawrence Kompkoff appeals his 15–year sentence for rape, former AS 11.-15.120(a)(1), as excessive. We have reviewed the evidence in the record and conclude that the superior court was not clearly mistaken in imposing this sentence. *McClain v. State*, 519 P.2d 811, 814 (Alaska 1974).

Kompkoff went to the apartment of JG, a casual acquaintance, at 3:00 a. m. and knocked; when he was not admitted, he broke down the door, went into his victim's bedroom, jumped upon her, struck her in the face, and prevented her from screaming by choking her. Having subdued her, he proceeded to rape her and then went to sleep; JG called the police who arrested Kompkoff.

Forcible rape ranks among the most serious crimes. *Newsom v. State*, 533 P.2d 904, 911 (Alaska 1975). *State v. Wassilie*, 578 P.2d 971, 975 (Alaska 1978) (a total sentence of eight years with a somewhat longer period of actual incarceration than 18 months suggested as appropriate punishment for a rape which was defendant's first felony conviction).[1] Here, the sentencing judge

1. We are unaware of a single case in which the supreme court has approved a sentence for rape requiring no incarceration. To the contrary, three cases have expressly disapproved sentences requiring two years imprisonment or less as too lenient where the defendants were

also found a need to isolate appellant to prevent him from committing further violent crimes. The judge was obviously familiar with and sensitive to the large amount of material presented on appellant's personal background, his alcoholism, his past rehabilitative successes and failures, and to the alternative to incarceration proposed by his counsel. We cannot say the judge erred in concluding that realistically appellant will drink again and will hurt someone again unless he is isolated from society. Finally, the sentencing judge paid ample attention to appellant's rehabilitative needs; he recommended placement in an institution where psychological and alcoholism counseling will be available and he made completion of a residential alcoholism treatment program a condition of parole. Finally, he gave his reasons for not returning Kompkoff to Family House.[2] *See Morris v. State*, 592 P.2d 1244, 1246 n.5 (Alaska 1979) (enough that judge clearly

considered placement at Family House before rejecting it).

Many other cases have approved sentence of 15 years or more for rape, even where a serious alcohol problem is the root of the crime.[3] *See e. g., Lacy v. State*, 608 P.2d 19 (Alaska 1980); *Fomin v. State*, 619 P.2d 718 (Alaska 1980). Such a sentence was approved in *Lacy*, although the defendant's crime was his first offense; by contrast, this crime was Kompkoff's third violent felony.[4]

The sentence appealed from is AFFIRMED.

---

first offenders without significant backgrounds. *State v. Wassilie, supra* (18 months to serve too lenient); *State v. Lancaster*, 550 P.2d 1257, 1260 (Alaska 1976) (two years to serve too lenient); *State v. Chaney*, 477 P.2d 441, 444–47 (Alaska 1970) (one year to serve too lenient); *cf. Ahvik v. State*, 613 P.2d 1252 (Alaska 1980) (five years with two suspended appropriate sentence for rape where defendant was an 18-year-old first offender). We do not hold or imply that a sentence requiring no time to serve would never be appropriate; nor do we conclude that placement in a residential therapeutic community, as proposed by appellant's counsel, is the equivalent of no time to serve. The cases referred to above do, however, clearly indicate that a sentence of probation would be appropriate only under exceptional circumstances for a crime as grave as that of rape.

2. This crime was committed while Kompkoff was on probation and four days after his completion of an intensive alcohol rehabilitation treatment program in the Family House therapeutic community. Under those circumstances, therefore, we do not conclude that the sentencing court was clearly mistaken in rejecting

further placement of Kompkoff in the Family House program as a realistic alternative to incarceration.

3. *Ahvik v. State*, 613 P.2d 1252 (Alaska 1980) which Kompkoff relies upon is distinguishable. There the supreme court found a five year sentence for rape excessive and reduced it to five years with two suspended to permit defendant's classification to a minimum security institution. Ahvik was 18 years old, had no prior record, no serious alcohol problem and no prior experience with probation. In contrast, Kompkoff is 36, had committed two felonies and completed an intensive rehabilitative program at Family House prior to the instant offense. The supreme court obviously considered Ahvik among the "least serious" offenders, Kompkoff qualifies as one of the "worst."

4. Fifteen years would be the presumptive sentence for rape as a third felony offense under the new code. AS 11.41.410(a)(3), (b); 12.55.-125(c)(3).