**David HODGES, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 7330.**

Court of Appeals of Alaska.

April 8, 1983.

Robert B. Downes, Fairbanks, for appellant.

Teresa Foster, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

David Hodges pled guilty to two counts of first-degree sexual assault. AS 11.41.-410(a)(4) (sexual intercourse between an adult and his infant daughter). The trial court sentenced Hodges to two concurrent eight-year terms with five years suspended. Hodges appeals contending that the sentence was too severe. We disagree and affirm.

Hodges had no prior criminal record. Over a four to six week period he had sexual intercourse with his twelve-year-old daughter two to three times per week. Eventually she complained to her school counselor who referred the complaint to the Department of Health and Social Services and the Alaska State Troopers. The latter contacted Hodges and he confessed. The daughter was then placed in a foster home. Hodges was required to participate in counseling while sentencing was pending.

The trial court heard expert testimony of a psychiatrist and a counselor offered on Hodges behalf. Generally, the experts described the incidents as a situational response to Hodges' depression over the breakup of his marriage, exacerbated by Hodges' excessive use of alcohol. They indicated that public exposure will serve as a sufficient deterrent to ensure that no further incidents occur. Finally, they concluded that a period of imprisonment would destroy the family unit and create guilt feelings in the victim. They noted that Hodges was the sole support of his three children, a fourteen-year-old son, an eight-year-old son, and the victim.

The trial court carefully considered the *Chaney* criteria, *see State v. Chaney,* 477 P.2d 441, 444 (Alaska 1970), and the presumptive terms established in the revised code for second and third offenders. We note that under the current code, Hodges would be subject to an eight-year presumptive term with no suspended time. *See* AS 12.55.125(i)(1). It is possible that the two sentences would have to run consecutively, *see* AS 12.55.025(e), depending upon wheth-

er or not periodic sexual intercourse with the same victim over a six-week period constitutes a "single, continuous criminal episode." *See* AS 12.55.025(g). We do not reach this question.

Having carefully considered the record, we hold that two concurrent eight-year sentences with five years suspended was not excessive. The total sentence is not clearly mistaken. *See Mallott v. State,* 608 P.2d 737 (Alaska 1980) (for single act of intercourse with four-year-old child not related to defendant, thirty years with fifteen suspended, not excessive); *Goulden v. State,* 656 P.2d 1218 (Alaska App.1983) (five years with three years suspended not too severe where school principal had consentual intercourse with fourteen-year-old student resulting in conviction of sexual abuse of minor. AS 11.41.440(a)(1) (a class B felony) trial court stressed trust relationship between teacher and student as major aggra-vating factor); *Edenshaw v. State,* 631 P.2d 506 (Alaska App.1981) (twenty-two-year old raped ten-year-old stranger, seven years to serve not excessive). *But see Ahvik v. State,* 613 P.2d 1252 (Alaska 1980) (eighteen-year-old defendant committed one rape upon his fifteen-year-old cousin, five years to serve, excessive; five years with two years suspended, appropriate). Under the circumstances, we do not consider Hodges' familiarity with his victim a mitigating factor. AS 12.55.155(c)(18).

The sentence of the superior court is AF-FIRMED.