**Frank James SOLOMON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1689.**

Court of Appeals of Alaska.

Jan. 2, 1987.

---

**8.** ABA Standard § 2.3(b) commentary at 13.25—13.26 (1978).

**9.** Uniform Criminal Rule 471(c) resolves the problem in a similar fashion.

Jeffrey K. Rubin, Asst. Public Defender, Barrow, and Dana Fabe, Public Defender, Anchorage, for appellant.

Alan J. Hooper, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

SINGLETON, Judge.

Frank Solomon pled *nolo contendere* and was convicted of robbery in the second degree, a class B felony. AS 11.41.510(a). Solomon is a first felony offender. Presumptive terms for second and third felony offenders, respectively, are four and six years. AS 12.55.125(d)(1)(2). Judge Jeffery sentenced Solomon to a term of six years with three years suspended. Solomon appeals, contending that the sentence imposed was excessive. We affirm.

## THE OFFENSE

Frank James Solomon assaulted his father, Merle Solomon, by hitting him with his fists, shoving and kicking him, and beating him about the body and head with a vodka bottle. In the course of the beating, Solomon robbed his father of $600. Merle Solomon suffered substantial physical injuries, including numerous lacerations on his face, head, and buttocks. He bled profusely, and numerous drops of blood were found throughout his residence after the beating. Frank Solomon admitted beating his father and kicking him, but denied striking him with a bottle. Judge Jeffery rejected this aspect of Solomon's testimony and found that the bottle had been used in the assault.

## THE OFFENDER

Frank James Solomon was born on September 15, 1960, and was approximately twenty-five years old at the time of this incident. He is a first felony offender. He has two prior misdemeanor convictions: one for driving while intoxicated and leaving the scene of an accident; and, a second for consuming alcohol while under the age of nineteen years. In addition, the presentence report contains a number of verified incidents of assaultive behavior by Solomon. The most serious involves an incident in September 1984, in which Solomon severely beat a former girlfriend, O.A., and held her captive from September 1, 1984, until September 3, 1984. Contemporaneous medical records establish that the victim had bruises all over her body, a badly swollen left eye, and a fractured left fibula. Solomon admitted beating the victim with a broom handle and a piece of pipe until she passed out. O.A., however, declined to prosecute him, and charges were dismissed.

## THE SENTENCING

Judge Jeffery found that Solomon's assault and battery of his father made this a particularly serious second-degree robbery. Recognizing that aggravating factors were not, strictly speaking, applicable to first offenders, Judge Jeffery, nevertheless, reviewed the record and found four aggravating factors: that Solomon's victim suffered physical injury, AS 12.55.155(c)(1); that Solomon had a history of assaultive behavior, AS 12.55.155(c)(8); that Solomon employed a dangerous instrument, *i.e.*, the vodka bottle, AS 12.55.155(c)(4); and, that the crime was committed against the family member living in the same dwelling, AS 12.55.155(c)(18). Judge Jeffery additionally recognized that Solomon had fortuitously avoided extended prison sentences for his past assaultive behavior, and has served almost four months for his present conviction. However, Judge Jeffery felt a sentence of six years with three years sus-

pended was necessary to bring home to Solomon the seriousness of his behavior and make it clear that the community would simply no longer tolerate violence from Solomon. The court also saw a period of incarceration followed by a period of probation as necessary to motivate Solomon to carry on with alcohol rehabilitation.

## DISCUSSION

Solomon contends that a sentence of six years with three years suspended is excessive for second-degree robbery. He argues that the sentencing court erred in looking for guidance to the sentences that were issued in two cases where the defendants had been convicted of robbery in the first degree, AS 11.41.500. *See, e.g., Benefield v. State,* 559 P.2d 91 (Alaska 1977); *Cleary v. State,* 548 P.2d 952 (Alaska 1976). Solomon's claims appear to us to be unjustified.

First, the record indicates that Judge Jeffery cited to *Benefield* and *Cleary* simply to support his finding that robbery is a very serious crime. Nothing in the record suggests that Judge Jeffery felt bound to impose a sentence similar to those handed down in either of those cases. Indeed, as the state correctly notes, the record fails to support even an inference that the trial court was guided by those sentences.

Second, it is clear from the record that Judge Jeffery gave serious consideration to the defendant's suggestion that the court be guided by *Ahvik v. State,* 613 P.2d 1252 (Alaska 1980) (where intra-family violence has been forgiven, sentencing judge should diminish consideration given to community condemnation). Judge Jeffery specifically noted that the *Ahvik* court, in reversing an excessive sentence, approved a sentence of five years with two suspended. Solomon's conduct in this offense, and in his prior assaultive behavior, demonstrates a brutality which distinguishes his case from *Ahvik. See Ahvik,* 613 P.2d at 1254. Therefore, the imposition of one additional year (suspended) is not unreasonable.

Third, Solomon's conduct closely resembles conduct for which substantial sentences have been approved in the past. *See, e.g., Griffith v. State,* 578 P.2d 578, 582 (Alaska 1978) (five years' imprisonment approved for defendant who "roughed up" and threatened victim with a knife in an attempted robbery); *Holloway v. State,* 535 P.2d 467 (Alaska 1975) (five years' imprisonment approved for defendant who struck victim with full beer can in robbery of $300); *Hixon v. State,* 508 P.2d 526 (Alaska 1973) (ten years' imprisonment affirmed for defendant who threw prepared pint of kerosene in victim's face in order to snatch victim's money bag). *Cf. Hawthorne v. State,* 501 P.2d 155, 157–58 (Alaska 1972) (apparently approving a sentence of ten years' imprisonment for a first felony offender convicted of a strong-arm robbery, but remanding in order to obtain a psychiatric evaluation).

In sum, given the aggravating factors found by the trial court, a sentence of six years with three years suspended is not clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

The sentence of the superior court is AFFIRMED.