Finally, appellant argues that the sentence imposed of eight years with four years suspended is excessive. Sale and possession of heroin are serious offenses for which the maximum penalty is ten years imprisonment. Using the sentencing criteria we established in State v. Chaney, 477 P.2d 441, 444 (Alaska 1970), we cannot conclude that the sentence was outside the "zone of reasonableness".[11]

The judgment of the superior court is affirmed.

Herbert D. Soll, Public Defender, Anchorage, Barry J. Rovins, R. Collin Middleton, Asst. Public Defenders, Ketchikan, for appellant.

John E. Havelock, Atty. Gen., Juneau, Harold M. Brown, Dist. Atty., Ketchikan, for appellee.

Before BONEY, C. J., and RABINOWITZ, CONNOR and ERWIN, JJ.

**Walter James NIELSEN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1503.**

Supreme Court of Alaska.

Dec. 30, 1971.

## OPINION

PER CURIAM.

This is an appeal from a sentence of three years imprisonment, imposed after appellant's plea of guilty to the charge of assault with a dangerous weapon. Appellant, without substantial provocation, had repeatedly stabbed the victim with a butcher knife. Finding the sentence to be clearly nonexcessive in view of the violent nature of the crime charged, we affirm.

context of the trial below we simply cannot find that there existed any real possibility of a lack of unanimity among the jurors as to the guilt of appellant.

11. Waters v. State, 483 P.2d 199, 202 (Alaska 1971). The background of ap-

pellant and the recommendation of the probation officer account for the difference between the sentence imposed herein and the sentence imposed in the *Tarnef* case.