Gilmer David John GREGORY, Appellant,

v.

STATE of Alaska, Appellee.

No. 1419.

Supreme Court of Alaska.

Dec. 30, 1971.

Lawrence J. Kulik, Meredith A. Wagstaff, Bruce Bookman, Asst. Public Defenders, Herbert D. Soll, Public Defender, Anchorage, for appellant.

Charles M. Merriner, Asst. Dist. Atty., Seaborn J. Buckalew, Jr., Dist. Atty., Anchorage, John E. Havelock, Atty. Gen., Juneau, for appellee.

Before BONEY, C. J., and RABINOWITZ, CONNOR, and ERWIN, JJ.

OPINION

RABINOWITZ, Justice.

After trial by jury Gilmer Gregory was found guilty of the crime of manslaughter and sentenced to seven years' imprisonment with three years suspended. On appeal Gregory asserts that the trial court erred in failing to give two requested instructions on the issue of self defense and in giving an instruction which is claimed to

have been prejudicially repetitious. Gregory further contends that the sentence he received was excessive. We affirm.

 Regarding the self defense issues, we think the trial court's instructions adequately presented the applicable law to the jury. If anything, the court's instructions dealing with the issue of self defense were incorrect only in that they were overly favorable to Gregory. This is so because the court's instructions emphasized Gregory's own subjective reactions to the circumstances which preceded his fatal stabbing of Archabald Horn and deemphasized the objective requirement that the circumstances under which Gregory acted must have been such as to produce in the mind of a reasonably prudent person, similarly situated, the reasonable belief that Horn was about to kill him or to do him great bodily harm.

Study of Gregory's two proposed instructions on the defense of self defense has not convinced us that the trial court erred in rejecting them. Gregory's first requested instruction was impermissibly argumentative in that it tended to isolate only one of the relevant factual circumstances regarding the issue of self defense, that is, the victim Horn's intoxication. Despite Gregory's assertion to the contrary, we think his second requested instruction fails to clarify the reasonable ground or reasonable belief aspect of the self defense issue. We therefore hold that the trial court was under no obligation to give this instruction, since its own instructions fairly and adequately covered this facet of the law of self defense.

 Gregory next asserts that the trial court committed reversible error in giving a repetitious instruction.[1] We perceive no merit in this assertion of error.

 Gregory's final claim of error is that the trial court's sentence of seven years' imprisonment with three years suspended on condition of probation was excessive. Taking into consideration the fact that Gregory was convicted of the crime of manslaughter, the circumstances surrounding the commission of the crime, the presentence data and the sentencing proceedings, we cannot say, under the sentencing criteria we adopted in State v. Chaney, 477 P.2d 441, 444 (Alaska 1970) and subsequent sentence appeal decisions,[2] that the trial judge was clearly mistaken in imposing a seven-year sentence with three years suspended.

The judgment and commitment entered by the superior court are affirmed.

1. The instruction in question reads as follows:

If you find the Defendant is not guilty of murder in the second degree, but you further find beyond a reasonable doubt that the defendant at the time and place charged in the indictment unlawfully killed Archabald DeWayne Horn by stabbing the said Archabald DeWayane Horn with a knife, then your verdict will be that the defendant is guilty of the crime of manslaughter; but if you have reasonable doubt as to whether the defendant is guilty of the crime of manslaughter, you will find him not guilty of that crime.

2. See also Robinson v. State, 484 P.2d 686 (Alaska 1971) ; Waters v. State, 483 P.2d 199 (Alaska 1971) ; Gilmore v. State, 479 P.2d 301 (Alaska 1971) ; Nicholas v. State, 477 P.2d 447 (Alaska 1970).