**STATE of Alaska, Appellant,**

v.

**Wesley D. LANCASTER, Appellee.**

**No. 2571.**

Supreme Court of Alaska.

March 8, 1976.

}

Stephen G. Dunning, Asst. Dist. Atty.,
Joseph D. Balfe, Dist. Atty., Anchorage,

Avrum M. Gross, Atty. Gen., Juneau, for appellant.

Mark A. Weaver, Asst. Public Defender, Brian Shortell, Public Defender, Anchorage, for appellee.

Before BOOCHEVER, Chief Justice, CONNOR, ERWIN, and BURKE, Justices, and DIMOND, Justice Pro Tem.

## OPINION

DIMOND, Justice Pro Tem.

■ On two occasions within a three-day period, Wesley Lancaster forcibly raped a young girl. He pleaded nolo condendere [1] to two counts of rape, and was sentenced to imprisonment for seven years on each count, with the sentences to run concurrently. The sentencing judge suspended five years of each of the seven-year sentences, leaving Lancaster a total of two years imprisonment to serve. In addition, the judge made reference to the possibility of parole after Lancaster had served one-third of the two-year period of confinement: [2]

Nevertheless, the defendant has available to him, first of all, early parole after one-third of the 2 years is served. He will have to serve approximately 7 months, thereafter he will be eligible for parole.

The state has appealed on the ground that the sentence is too lenient. Such an appeal is authorized by statute.[3] However, we are limited in our disposition of a sentence appeal brought by the state. We may not modify the sentence, but may only express our approval or disapproval of it in a written opinion.[4]

The circumstances of the rape were brought out at the hearing by the testimony of the victim. The first offense took place when the victim was in her bed at night with her clothes on. Lancaster got on the bed and tied the girl's wrists together with wire. She screamed and tried to rise. He pushed her back on the bed, cut the clothing from her body with a razor and raped her. The second offense took place a couple of days later. Lancaster pushed the victim on a bed, overcame her struggles of resistance by choking and threatening to kill her, and then raped her. The judge found from the testimony that the victim had not encouraged Lancaster nor had she consented in any way to the sexual intercourse.

Before imposing sentence, the judge heard the testimony of several witnesses, including a psychiatrist, Lancaster, and the victim of rapes; and he also permitted counsel for the parties to present their respective arguments. The judge then made some rather extensive remarks expressing his reasons for imposition of the sentence he chose.

1. The Latin phase "nolo contendere" means: "I will not contest [the charge in a criminal complaint or indictment]". Black Law Dictionary at 1198 (4th ed. 1951).
The legal effect of a plea of nolo contendere is as conclusive to the guilt of a defendant as a plea of guilty. *Cooksey v. State*, 524 P.2d 1251, 1255 n. 5 (Alaska 1974).

2. AS 33.15.080 provides:
If it appears to the board from a review that a prisoner eligible for parole will, in reasonable probability, live and remain at liberty without violating the laws, or without violating the conditions imposed by the board, and if the board determines that his release on parole is not incompatible with the welfare of society, the board may authorize the release of the prisoner on parole. However, no prisoner may be released on parole who has not served at least one-third of the period of confinement to which he has been sentenced, or in the case of a life sentence, has not served at least 15 years.

3. AS 12.55.120(b) provides:
A sentence of imprisonment lawfully imposed by the superior court may be appealed to the supreme court by the state on the ground that the sentence is too lenient; however, when a sentence is appealed by the state and the defendant has not appealed the sentence, the court is not authorized to increase the sentence but may express its approval or disapproval of the sentence and its reasons in a written opinion.

4. *Id.*

The judge found that the rapes Lancaster committed were conscious acts, despite Lancaster's testimony that he had no recollection of them. The judge further found that Lancaster was not mentally ill at the time he committed the crimes. However, the judge felt that there were certain mitigating factors: Lancaster was under considerable emotional stress and strain at the time because of marital problems and religious differences with his wife's family; he had recently lost his job and his home, and found himself dependent on the charity of his wife's family; this was Lancaster's first offense; he was only 20 years old at the time the rapes took place; and he had been drinking alcoholic beverages. In addition, the judge found that Lancaster had committed the rapes, not for sexual gratification alone, but for the purpose of striking out in anger at his wife's family, and that the victim, a member of his wife's family, was the instrument for that purpose.

Alaska's Constitution provides that: "Penal administration shall be based on the principle of reformation and upon the need for protecting the public." [5] In determining an appropriate sentence for Lancaster, the judge was concerned primarily with rehabilitation, since he felt that if a criminal was rehabilitated to the extent that he refrained from criminal conduct, the public would be protected; thus the two constitutional principles of penal administration would tend to merge into one.

The judge believed that the sentence imposed, which amounted to seven years in all (two years imprisonment plus five years suspended sentence), would allow supervision of Lancaster both in and out of prison for a long enough period of time to control the circumstances which gave rise to the crimes he committed and make it unlikely that he would commit them again.

In implementing the constitutional provision referred to and the statutes authorizing sentence appeals,[6] this court, starting with *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970), has recognized a number of goals to be achieved in imposing criminal sentences. In numerous cases since *Chaney*, we have spoken of the criteria which should govern the imposition of sentences.[7]

Rehabilitation of the offender is, of course, an important goal to be achieved for the benefit of society and because it is a recognition of the intrinsic worth and the inherent dignity of man. A person may flout the rules of behavior required by society for its own preservation and tranquillity, and his misbehavior may be so grave as to require him to be considered evil. But no matter how wicked a person may be, the very essence of his humanity impels most civilized people to consider him entitled to and not beyond redemption. That is why reformation should be one of the important criteria in sentencing—so that, if possible, a person who possesses innate value as a human being may be convinced of the need and value of virtue, rather than of evil, and may thus contribute his worth to an ordered and peaceful society.

The fact that a criminal should be rehabilitated, if possible, does not mean that he should escape punishment for his misdeeds. The very opposite may be true. Penalties must be imposed in most instances in order to make rehabilitation effective, as well as to protect the public and deter others from engaging in criminal conduct.

Equally important in the imposition of sanctions is the need to recognize and express community condemnation of the offender's anti-social conduct. Little, if any, consideration was given this criterion by the sentencing judge. "Seemingly all but forgotten in the sentencing proceed-

---

5. Alaska Constitution, art. I, § 12.

6. AS 12.55.120; AS 22.05.010; AS 22.10.020.

7. One of the more recent cases which lists the goals to be achieved is *Perrin v. State*, 543 P.2d 413 (Alaska 1975).

ings is the victim" of Lancaster's rapes.[8] Forcible rape ranks among the most serious crimes.[9] As we stated in *Newsom v. State,* such a crime

> amounts to. a desecration of the victim's person which is a vital part of her sanctity and dignity as a human being.[10]

In his remarks at the sentencing hearing, the judge stated that rape was one of the three most serious crimes. What we consider to be an extremely moderate sentence does not, however, reflect a real understanding of the gravity of the offense because it falls short of

> effectuating the goal of community condemnation, or the reaffirmation of societal norms, for the purpose of maintaining the respect for the norms themselves.[11]

■ The victim was only 15 years old and was sexually inexperienced. She was ravaged and desecrated against her will in a forcible and violent manner. The sentence imposed on Lancaster, considered in the light of the circumstances involved in the commission of the rapes, could lead to the conclusion that two forcible rapes of a 15-year-old female child are really not reflective of serious anti-social conduct. Such a concept would tend to erode or negate society's condemnation of such grossly offensive criminal actions.[12]

■ We do not question the sincerity of the sentencing judge with respect to his philosophy of imposing sanctions for criminal conduct. But we believe that he was clearly mistaken [13] in imposing the sentence he did. A substantially longer period of actual confinement on the two counts of rape was called for in light of the particular circumstances of the case and the goals of penal administration.[14] A longer period of confinement would unequivocally bring home to Lancaster the serious nature and consequences of his crime,[15] and would reaffirm society's condemnation of violent and forcible rape.[16]

We disapprove of the sentence imposed as being too lenient.

RABINOWITZ, Justice, not participating.

BOOCHEVER, Chief Justice, with whom CONNOR, Justice, joins, dissenting.

While I agree with the majority that the offenses committed here constitute very serious crimes, I cannot find that the trial court was clearly mistaken under all of the circumstances in imposing concurrent sentences of seven years with five years suspended.[1] The sentencing judge carefully

---

8. *State v. Chaney,* 477 P.2d 441, 446 (Alaska, 1970).

9. *Id.; Newsom v. State,* 533 P.2d 904, 911 (Alaska 1975).

10. *Newsom v. State, supra,* 533 P.2d at 911 n. 9.

11. *State v. Chaney, supra,* 477 P.2d at 447.

12. *Id.*

13. On sentence appeals, the test we apply in determining whether to approve or disapprove a sentence is whether we are convinced that the sentencing judge was clearly mistaken in imposing a particular sentence. *Perrin v. State,* 543 P.2d 413 (Alaska 1975); *Newsom v. State,* 533 P.2d 904, 911–12 (Alaska 1975); *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

14. In other rape cases, we have affirmed sentences of 15, 20, 10, and 8 years imprisonment. *See Torres v. State,* 521 P.2d 386 (Alaska 1974) (20 years); *Newsom v. State,* 533 P.2d 904 (Alaska 1975) (15 years); *Newsom v. State,* 512 P.2d 57 (Alaska 1973) (15 years); *Gordon v. State,* 501 P.2d 772 (Alaska 1972) (10 years); *Ames v. State,* 533 P.2d 246 (Alaska 1975) (8 years).

15. There was testimony at the sentencing hearing indicating psychological damage to the 15-year-old victim of the rapes. We are unable to measure the extent of such damage, but can only assume—based on our knowledge of human affairs—that it may be incalculable *as to effect and extent at this time and in years to come.*

16. *State v. Chaney, supra,* 477 P.2d at 447.

1. We have affirmed similar or lesser sentences for other serious crimes causing death or harm to a person. *See,* for example, *State v. Howey,* 495 P.2d 1270 (Alaska 1972) (manslaughter—three year suspended sentence);

considered all appropriate criteria, and while if I had been given the same task, I might well have imposed a different sentence, I do not believe that the trial judge was clearly mistaken.

*Gregory v. State*, 492 P.2d 108 (Alaska 1971) (manslaughter—seven years with three suspended) ; *Crow v. State*, 517 P.2d 756 (Alaska 1973) (assault with a dangerous weapon— five years with two suspended) ; *Nielsen v. State*, 492 P.2d 122 (Alaska 1971) (assault with a dangerous weapon—three years). *See also* Erwin, R., "Five Years of Sentence Review in Alaska", 5 U.C.L.A.-Alaska L.Rev. 1–21 (1975).