Raymond FOMIN, Appellant,

v.

STATE of Alaska, Appellee.

No. 5013.

Supreme Court of Alaska.

Nov. 21, 1980.

Peter F. Mysing, Asst. Public Defender, Kenai, and Brian Shortell, Public Defender, Anchorage, for appellant.

Thomas M. Wardell, Dist. Atty., Kenai, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

1. *See* former AS 11.15.160.

2. While intoxicated, Fomin sexually assaulted a bedridden 68 year old woman in her home.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

OPINION

PER CURIAM.

Raymond Fomin pled guilty to assault with intent to rape and was given the maximum sentence of 15 years.[1] He appeals the sentence.

Fomin is a 30 year old Alaska Native, from a small, secluded village. He is a high school graduate of average intelligence and abilities. Psychiatric reports do not indicate that Fomin has any substantial psychological problems, but it is clear that he has a devastating alcohol problem.

Fomin's criminal record includes repeated juvenile misconduct beginning at age 15 with instances of burglary, disorderly conduct, theft, and sexual assaults. He was twice placed in juvenile facilities for his actions. As an adult his record includes at least five burglary convictions, grand larceny, escape, and numerous alcohol violations. He has spent a considerable portion of his adult life in jail and is rapidly becoming, if he is not already, unable to function outside of jail.

The crime of which he was convicted was an extreme one within the category[2] and Fomin's criminal record and his drinking problem indicate the unlikelihood of rehabilitation. The fact that he is genuinely remorseful over his criminal conduct in this case does not lessen his responsibility or, given his record, make it likely that he will not continue to break the law. Based on his record, his drinking, and his conduct on this occasion, Fomin clearly presents a substantial threat to the public safety. Fomin's record and character, combined with the egregious nature of this assault, justify categorizing him as a worst offender within the class of those who commit sexual as-

The victim has rheumatoid arthritis and the weight of Fomin's body on her broke both her legs.

saults. *See Wilson v. State*, 582 P.2d 154, 157 n.3 (Alaska 1978); *Burleson v. State*, 543 P.2d 1195, 1201 (Alaska 1975).[3] In view of Fomin's character, the nature of the offense, and the need to protect society,[4] we cannot say that the sentence is clearly mistaken.[5] In view of the extent of Fomin's drinking problem, however, we believe the judgment should include a recommendation that alcohol rehabilitation programs be made available to him.

The sentence is AFFIRMED, and the case REMANDED for entry of a modified judgment.

BOOCHEVER, J, not participating.

---

3. We note that the record does not show that the sentencing judge considered whether Fomin was a worst offender. However, where the record amply supports such a label, there is no requirement that the sentencing judge utter that phrase. *See Jacinth v. State*, 593 P.2d 263, 267 (Alaska 1979); *Price v. State*, 565 P.2d 858, 862 (Alaska 1977).

4. *See State v. Chaney*, 477 P.2d 441, 443 (Alaska 1970).

5. *See McClain v. State*, 519 P.2d 811 (Alaska 1974). We observe that under the current criminal code, Fomin's presumptive sentence would have been 15 years. *See* AS 11.41.-410(a)(2), (b); AS 12.55.125(c)(3).