**Deanne HADS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1613.**

Court of Appeals of Alaska.

Oct. 31, 1986.

Cynthia Strout, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

David Mannheimer, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

SINGLETON, Judge.

Deanne Hads pled no contest and was convicted of forgery in the second degree, AS 11.46.505, and theft in the second degree, AS 11.46.100 and AS 11.46.130. She received two concurrent three-year sentences with one year suspended. She ap-

peals, contending that her sentences are excessive. We affirm.

## THE OFFENSES

Count I of the amended information charged Hads with forging five fraudulent permanent fund dividend applications. Count II of the indictment charged her with fraudulently obtaining five permanent dividend fund checks. Each of these offenses was alleged to have occurred in May of 1982. The presentence investigation revealed, however, that Hads began defrauding the permanent fund distribution system at its inception in 1979, and continued until her fraud was discovered in 1984. Each year, Hads submitted a valid permanent fund application on her own behalf and four fraudulent applications: one in the name of her nonresident mother; two in the names of her nonresident children; and, one in an alias she used. Hads kept all the proceeds for herself.

## THE OFFENDER

Deanne Hads was forty-eight years of age at the time she was sentenced. She had no criminal record as an adult or juvenile. She appears to have been steadily employed during most of her adult life, and she appears to have no traffic violations. Nevertheless, Hads has engaged in deception for a substantial period of time. She obtained employment in a doctor's office by fraudulently claiming to be a nurse. She withheld information about past employment from the probation officer and apparently provided false information regarding her educational attainments.

## THE SENTENCE

Judge Carlson's sentencing remarks are short and to the point:

I consider you to be a thief, ma'am, plain, simple commissioner of theft. I think that it's a very serious crime, because it's one that's easily committed and difficult to catch. And therefore in order to deter you and to deter others, it's necessary to give a significant penalty. It's also important to reaffirm societal norms. Your rehabilitation is important, but I question whether a lady of your age is going to become rehabilitated. I'm left with the firm impression that you pulled the wool over Dr. McPherson's eyes. I'm left with the firm impression that you tried to pull the wool over Mr. Vincent's [the probation officer] eyes. About going back to Sadie Cove. There wouldn't have been any reason to try to contact Sadie Cove and find you when you weren't here for sentencing the other day when you were supposed to be; if anybody would have thought you were going to Kodiak or not going back to Sadie Cove. But primarily, I'm concerned about deterring others from the commission of similar type crimes. And therefore on Count I, and on Count II, on each of the counts, your sentence will be three years to serve, with one year suspended, for three years on conditions—on general conditions of probation. No similar violations of law. Restitution of $3,662.58 at the rate of $125 per month on each month. The first payment to be made the first full month after your release from custody. These sentences on each count are to be served concurrently. You may appeal this sentence on the basis that it is too harsh....

## DISCUSSION

Deanne Hads was convicted of two class C felonies. For each offense, she was therefore subject to a maximum sentence of five years' incarceration. AS 12.55.-125(e). Presumptive sentences for second and third felony offenders are, respectively, two and three years. AS 12.55.125(e)(1) & (2). In *Austin v. State*, we held that normally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender and that this rule should be violated only in exceptional cases. *Austin v. State*, 627 P.2d 657 (Alaska App.1981). Hads' sentence is equal to the presumptive term for a second felony offender, and she is subject to an additional one-year suspended sentence.

In order to justify this sentence, it is necessary that the court be able to look to aggravating factors or extraordinary circumstances that would warrant referral to a three-judge sentencing panel had Hads been subject to presumptive sentencing. *See Peetook v. State*, 655 P.2d 1308, 1310 (Alaska App.1982); *Sears v. State*, 653 P.2d 349, 350 (Alaska App.1982). We believe both criteria are satisfied in this case. First, Judge Carlson expressly found that Hads' crimes were easy to commit, difficult to detect, and generated a substantial income. *See, e.g.*, AS 12.55.155(c)(16) (the defendant's criminal conduct was designed to obtain substantial pecuniary gain and the risk of prosecution and punishment for the conduct is slight). Most important, if Hads' crimes were subject to presumptive sentencing, her multiple acts of theft, which extended over a substantial period of time and required numerous separate intents to steal, coupled with her generally fraudulent behavior, might have warranted referral of this case to a three-judge sentencing panel for consideration of a more severe sentence. *See, e.g.*, AS 12.55.165–.175. Finally, defendant's consistent pattern of deceptive behavior in dealing with former employers and with the state probation officer strongly militate against her potential for rehabilitation, notwithstanding her having reached the age of forty-eight years without any criminal convictions.

Accordingly, we conclude that the trial court was not clearly mistaken in imposing two three-year concurrent sentences with one year suspended. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence of the superior court is AFFIRMED.